NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-198

COMMONWEALTH

vs.

DEIDANIA BROWN.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The movant, Deydania O. Taylor-Cameron, appeals from the denial of her motion which sought removal of a criminal case from the court activity record information (CARI) of "Deidania Brown," and from the movant's MassCourts public records.  We affirm.

Neither the movant's underlying motion nor her appellate brief cite to any statute or case law in support of her request to have this name removed from the docket or from other court records.  This does not rise to the level of an appellate

_____

[1] Our custom is to spell the defendant's name as it appears in the criminal complaint, which is not in the record before us. However, the parties appear to agree that the name used in the complaint was "Deidania Brown."

argument, and we treat it as waived.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  See also Wortis v. Trustees of Tufts College, 493 Mass. 648, 671 (2024) (declining to consider argument made without citation to supporting legal authority); Halstrom v. Dube, 481 Mass. 480, 483 n.8 (2019) (same).

Even if the movant's appellate claims were not waived, they are without merit.  The movant claims that the probation department failed to comply with an order issued by a now retired Boston Municipal Court judge in 2015 that the underlying case of a "Deidania Brown" be removed from the CARI system.  She also sought an order to remove the information from the underlying case from her MassCourts public record.  The movant, however, did not provide a copy of her CARI with her motion or submit an affidavit in support of it.  The probation department provided the motion judge with a copy of the movant's CARI and this case does not appear on it.  As the motion judge found, the movant has not shown that the probation department failed to comply with the retired judge's order, and thus the relief she requested was properly denied.

In large measure, the movant's underlying motion and her brief here rely exclusively on the retired judge's 2015 order that the case be removed from the CARI system.  What she failed to acknowledge was the subsequent rescinding of that order in

2

2023, when an inquiry by the central identity management group (CMIG) resulted in a consolidation of the records of Deidania Brown and Deydania Taylor-Cameron. Without an affidavit filed in support of the movant's motion that refutes CMIG's consolidation of those identities, the motion judge was entitled to rely on CMIG's findings and deny the motion. This was not an abuse of discretion. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

To the extent the movant sought to have her record expunged, it too was properly denied. The denial of a motion to expunge is reviewed for an abuse of discretion. See Commonwealth v. K.W., 490 Mass. 619, 624 (2022).

Pursuant to G. L. c. 276, § 100K, a judge has discretion to expunge a criminal record if two conditions are met. "First, the judge must make findings based on clear and convincing evidence that the relevant criminal record was created because of one or more of the reasons listed" in § 100K (a).[2] Matter of

---

[2] These reasons include the following:

"(1) false identification of the petitioner or the unauthorized use or theft of the petitioner's identity;

"(2) an offense at the time of the creation of the record which at the time of expungement is no longer a crime, except in cases where the elements of the original criminal offense continue to be a crime under a different designation.

"(3) demonstrable errors by law enforcement;

Expungement, 489 Mass. 67, 68 (2022).  Second, and only after making such findings, a judge may consider whether expungement would be "in the best interests of justice."  Id., quoting G. L. c. 276, § 100K (b).  Here, the movant failed to support her motion with any evidence that would be sufficient to support any of the enumerated reasons for expungement.  There was no error, and no abuse of discretion.

Order denying motion to
remove or expunge case from
court records affirmed.

By the Court (Meade,
Ditkoff & Toone, JJ.[3]),

*Paul Little*

Clerk

Entered:  December 8, 2025.

---

"(4) demonstrable errors by civilian or expert witnesses;

"(5) demonstrable errors by court employees; or

"(6) demonstrable fraud perpetrated upon the court."

G. L. c. 276, § 100K (a).

[3] The panelists are listed in order of seniority.